## Case No. 7,612.

### KAPPNER v. ST. LOUIS & ST. J. R. ASS'N.

[3 Dill. 228.] [1]

Circuit Court, W. D. Missouri. 1875.

BANKRUPT ACT—FRAUDULENT MORTGAGE.

A company was organized as a corporation under the general laws of Missouri whose declared object was "the completion and ownership" of the St. Louis & St. Joseph Railroad; the president and vice president of this railroad company were secret members of the above association; a mortgage was made by the railroad company to the said association: *Held*, considering the trust relations between the parties and the effect of giving judicial sanction to the mortgage, that it was constructively fraudulent; but the association was allowed to prove in bankruptcy their advance to the railroad company as an unsecured debt.

[Appeal from the district court of the United States for the Western district of Missouri.]

This is an appeal by the defendant from so much of the decree of the district court in bankruptcy as declares void a second mortgage held by them upon the St. Louis & St. Joseph Railroad, and cancels the $1,000,000 of bonds secured thereby. There is also a cross-appeal by [J. G. Kappner] the assignee in bankruptcy from so much of the decree as allowed the defendants $392,511.62 as an unsecured debt against the estate of the bankrupt railroad company.

B. F. Stringfellow and H. K. White, for assignee.

John R. Shepley and John B. Henderson, for defendants.

DILLON, Circuit Judge. In a cause of this importance I should ordinarily deem it proper to state my views as to the rights of the parties with some fullness; but the careful statement of the facts by the district judge (which, in argument, the counsel on both sides concede to be correct), and his opinion thereon, with the conclusions of which I concur, render it unnecessary to go into the case at length. Looking at the history of the transaction, the objects of the defendants, as declared in their articles of association, viz: "The completion and ownership" of the railroad and the nature of the agreement made between the president of the railroad company (who, together with the vice president, were secret members of the defendant association), in execution of which the mortgage, whose lien is now sought to be enforced, was made, my opinion is that as against the assignee in bankruptcy (who represents alike the rights of the railroad company and of its creditors) the lien can not stand in equity as against the creditors of the railroad company.

I have less hesitation in reaching this conclusion, because until comparatively a late

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

period in the transaction the defendants never contemplated getting a lien which would defeat the creditors of the company, but contemplated advancing money enough to pay off all the debts of the company. Whether the effect of the bankrupt act [of 1867 (14 Stat. 517)] upon the transaction would not lead to the same conclusion. it is not material to inquire.

In respect to the appeal of the assignee: That the defendants actually advanced in money the $392,511.62 to the railroad company is not disputed; and of course they should be allowed to prove the amount against the company's estate in bankruptcy, unless some rule of law forbids it. While the transactions between the officers of the railroad company and the defendants were constructively fraudulent by reason of the trust relations, and the effect on the company and its creditors of giving judicial sanction to it, yet I fail to see any equity in the view which would deprive the defendants of the right to prove the amount of their actual advances; and considering the date of the agreement between the parties and the time when the railroad company was proceeded against in bankruptcy, as well as the nature of the agreement, I do not think the bankrupt act disentitles the allowance on the ground that the defendants took the mortgage for the purpose of obtaining an illegal preference. The decree is in all respects affirmed—the costs of the appeal to be paid by the assignee. Affirmed.

The decision was acquiesced in by the parties and cross-appeals to the supreme court, which had been allowed, were not prosecuted.